ATKINS, KROLL & CO., Ltd., a corporation, Plaintiff,

v.

NEDLLOYD LINE, a corporation, et al., Defendants.

Civ. No. 40936.

United States District Court
N. D. California, S. D.

Sept. 21, 1962.

P. W. Fisher, Weinstock, Anderson, Maloney & Chase, San Francisco, Cal., for plaintiff.

Lester Howard Clark, Graham, James & Rolph, San Francisco, Cal., for defendant Nedlloyd Line.

ZIRPOLI, District Judge.

Atkins, Kroll & Co. originally brought this action in the California Superior Court, seeking recovery for damage suffered by a shipment of 72 coils of steel sheeting while in transit aboard defendant's vessel. The complaint alleges that the coils of steel sheeting were delivered to defendant's vessel at Durban, South Africa by Leo Raphaely & Sons for shipment upon an order bill of lading to Los Angeles, California and were accepted by defendant as being in apparent good order and condition. Thereafter plaintiff purchased the steel sheeting from Leo Raphaely & Sons. When it arrived in Los Angeles, it was delivered to plaintiff as the holder of the order bill of lading, but it was not then in good order and condition, being rusted, stained, and otherwise damaged.

Defendant removed the action to this Court upon the ground of diversity of citizenship. In its answer, defendant admits that the steel sheeting was delivered in a damaged condition, but disclaims responsibility upon the ground, among others, that the damage was caused by improper packing of the coils by the shipper. In a counterclaim against plaintiff, defendant alleges that as a result of the improper packaging of the coils of steel sheeting, they shifted and caused damage to other cargo, for which the defendant is liable to the owners. Defendant contends that the plaintiff, as owner of the coils of steel sheeting, is in turn liable to defendant for the damage to the other cargo, and prays that a judgment be entered against plaintiff for the amount of such damage.

Plaintiff has moved to dismiss the counterclaim for failure to state a claim upon which relief can be granted and to remand the cause to the State Court for lack of the requisite amount in controversy to sustain federal diversity jurisdiction.

The Court is satisfied that the counterclaim fails to state facts showing any basis for legal liability on the part of plaintiff for the damage caused to other cargo by the shifting of the coils of steel sheeting purchased by plaintiff after acceptance for shipment by defendant. To sustain such liability, defendant relies on the case of Luckenbach Steamship Company v. Coast Manufacturing & Supply Co., 185 F.Supp. 910 (E.D.N.Y. 1960). But, that case provides no support for defendant's position. In that case, a libel was filed by Coast Manufacturing & Supply Co. to recover for the loss of 1950 cartons of fuses consigned to it which exploded after delivery to Luckenbach for shipment but while still on the pier. Luckenbach filed a cross-libel against Coast seeking indemnity for any damages Luckenbach might be required to pay for the destruction of other cargo on the pier, damage to adjacent property, and personal injuries resulting from the explosion of the fuses. Coast moved to dismiss the cross-libel for lack of jurisdiction. In its opinion upon the motion, the Court described Coast as the insurer and the consignee of the fuses. The Court failed to state whether Coast was also the shipper or whether it had acquired title to the fuses. However, throughout the opinion, the Court discusses the legal questions involved in terms of the relationship between carrier and shipper, not carrier and consignee. The Court noted that from the contractual relations between carrier and *shipper*, there is ordinarily implied a warranty of the suitability for shipment of the packages containing the goods and a warranty that the goods, themselves, are safe for shipment, unless the shipper has notified the carrier to the contrary. The Court stated that no claim of improper packaging was made, and that the matter of the fitness of the fuses, themselves, for shipment was covered by an express provision in the bill of lading that "the shipper, consignee, or owner shall be liable for all loss, expense, damage or delay to ship or cargo caused by inflammable, explosive, noxious or dangerous goods shipped without full disclosure in writing of the nature of said goods * * * before delivering the

same to carrier, whether shipper be principal or agent, and whether or not he had notice of their nature." The Court held that insofar as the cross-libel sounded in contract, it was based solely on this express provision, and that the Court had jurisdiction in admiralty to entertain it. The Court held that insofar as the cross-libel sounded in tort for asserted negligence of Coast in shipping dangerous goods, the Court was without jurisdiction to entertain it in admiralty since the explosion had occurred on land. Thus, even assuming that Coast was only the consignee of the fuses and not the shipper, it is obvious that in disposing of the motion to dismiss, it was unnecessary for the Court to decide, and the Court did not decide that a consignee is subject either to liability implied from the contract of affreightment or to liability in tort for damage allegedly resulting from the improper packaging of goods by the shipper.

Defendant also cites Pierce v. Winsor, 19 Fed.Cases No. 11, 150 (C.C.Mass. 1861), in which the shipper of mastic was held liable, upon the basis of an implied warranty of fitness, for damage caused when the mastic melted in transit and ran about the ship because it had not been properly packaged in casks. The Court stated that the liability imposed upon the shipper rested upon the principle that "Where damage is sustained in a case not falling within the category of an inevitable accident, and neither party is in actual fault, the loss shall fall on him who, from the relation he bears to the transaction, is supposed to be possessed of the necessary knowledge to have avoided the difficulty."

It is manifest that this principle would not justify holding a mere consignee to an implied warranty that goods had been properly packaged for shipment. As between carrier, shipper, and consignee, the consignee would be least likely to possess the necessary knowledge to have avoided any difficulty arising from improper packaging.

Not only do defendant's authorities fail to sustain its position, but the facts which it admits by its answer and alleges in its counterclaim negative any possible liability on the part of plaintiff for the damage caused by the shifting of the coils of steel sheeting. There is no basis for any implied contractual liability on the part of plaintiff, since it had no connection with the steel sheeting at the time the contract of affreightment was entered into, was not named as the consignee in the bill of lading, and did not acquire title until after the steel sheeting was in transit. Likewise, since plaintiff had no interest in the steel sheeting and no authority over it at the time it was delivered for shipment, the alleged improper packaging could in no way be ascribed to any negligence on its part.

Plaintiff's motion to dismiss the counterclaim is granted. Since plaintiff's complaint sought damages in the amount of $7,847.56, plaintiff's motion to remand the cause to the State Court for lack of the requisite amount in controversy to sustain federal jurisdiction is also granted. Present judgment of dismissal and order of remand accordingly.